*MARTIN* vs. *MARTIN'S HEIRS* & *AL.*

APPEAL from the court of the sixth district.

PORTER, J. delivered the opinion of the court. This is an action to recover from the heirs and sureties of a curator, the sum of $40,000, which it is alleged he received for the plaintiff, who was a minor.

When a minor is a sent from the state, service of citation in an acrion of partition may be made on his curator

The plea of *res judicata* which is offered as a part of the defence set up by the defendants, requires us to set out particularly the pleadings.

The petitioner states that he is one of the heirs at law of Abraham and Mary Martin, and as such was entitled to the sum of $40,000 : that he was a minor from the death of his father and mother until the 20th November 1823, when he became of age. That J. M. Martin was appointed his curator, and receiv d the sum of $40,000, in money, from the ot er heirs of A. & M. Martin : and in property, which, without any legal authority, and without the approbation of the petitioner, he purchased at the sale of the estate of his

West'n Dis'ct.
*October*, 1826.

MARTIN
*vs*
MARTIN & AL

father and mother, and which he retained in possession until his death, and is still in possession of his heirs. That the petitioner was not assisted by a curator *ad litem* in the premises, that he utterly disclaims all such acts and doings on the part of his curator, and that in consequence thereof the said J. M. Martin became liable, on his bond, to pay the sum already stated.

The petition proceeds with an enumeration of the property left by the curator, on which the plaintiff avers that he has a mortgage, and concludes with a prayer that the heirs of J. M. Martin, his sureties, and the other persons who have acquired part of the mortgaged property may be cited ; that judgment may be rendered against the former for the sum claimed ; and against the latter, that the property whieh has come into their hands may be held subject to said judgment, and sold to satisfy the same.

The persons thus made defendants put in separate answers, according to their different rights, and the views which each entertained of the defence he had to the action. That which first appears on the record comes from one of the sureties.

1st. He pleads the general issue.

2d. That a regular classification of the estate and succession of John M. Martin was made by the judge of probates, of the parish of Rapides, at which the plaintiff was represented by his then curator *ad bona*, Robert Martin, who claimed for, and had allowed to the plaintiff, as a general privilege, the sum of          dollars, which order is yet in force and unrepealed, and operates as the thing adjudged between the estate and the heirs of the said John M. Martin and the plaintiff.

3d. That the petitioner has no claim in this suit, because a suit was brought in the probate court of the parish of Rapides, by the representatives of Anna Terrill, one of the heirs of Abraham and Mary Martin, for a partition of the succession of the said Abraham and Mary: and a settlement of accounts among the heirs. That in this suit the plaintiff, then a minor, was duly represented by J. S. Johnston, his curator *ad litem* specially appointed for that purpose, and a decree was given therein, which decree was appealed from to the district court, and there a final judgment was rendered, by which it appears

that the petitioner, has received more than his portion of the estate of Abraham and Mary Martin, and which decree being unreversed forms *res judicata*, and precludes the plaintiff from recovery in this suit.

We will consider the last of these pleas first, and in order to ascertain whether it has the force and effect contended for, it is necessary to recur to the pleadings in the suit wherein the judgment offered in bar was rendered.

The plaintiffs in that case were the representatives of one of the heirs of Abraham and Mary Martin. In their petition they state, that by an order of the district court of the parish of Rapides, the parish judge of said parish was directed to proceed to the sale of the succession of the said Abraham and Mary; that pursuant to said decree, the whole of the estate was sold; and that, notwithstanding the sale, no final partition of the succession, or settlement of accounts among the heirs had yet been made. That at the sale, the property was principally bought by the heirs or their representatives; and that some of them had bought greatly over their proportion, and were in arrears to others.

They conclude by praying, that a partition of the estate may be made; that the heirs may be cited; that a curator ad litem may be appointed to the present plaintiff, and that the court would proceed " to the final partition of said estate among the heirs, and to a full, complete and final settlement of accounts between them; and that the court will decree to each, such sum as may be found due upon said settlement and partition.

The parties appeared in the court of probates, and the judge proceeding to make a settlement, charged each of the heirs with the amount purchased at the sale of the succession of Abraham and Mary Martin; among these charges, the present plaintiff is credited with $3,,011, 50 cents, *the amount bought by him,* and his share is stated to be $34,146, 19 cents.

On the appeal to the district court, the same principles were adopted as the basis of its judgment, and the judge proceeds to state, that in order to a final settlement of the estate of Abraham and Mary Martin, judgment should be given in the manner therein stated. It is unnecessary to set out any part of it except

that which decrees to the petitioner the sum of $2159, 16 cents.

The question then is, whether with this judgment standing unreversed, the plaintiff can recover in the present action?

Assuming for the moment, that it was regularly rendered according to law, our first inquiry must be what were its effects on the minor. Before going into this question however, it is necessary to state, that the heirs of J. M. Martin, who are sued now, were parties to the suit, and that their rights were pronounced on, as well as those of the coheirs.

We have already seen that the avowed object of the action, was to obtain a partition and final settlement of the estate of Abraham and Mary Martin. This estate then consisted of the debts due to it from the sale of the property, and the greater proportion of these debts were due by the heirs themselves.

In making the partition the minor is charged with purchases to a large amount. Now the consequence of this most clearly was, to make him *owner of the property* for the price of which he was debited, and until that judgment is reversed *he remains so.* The purchase by his curator, confirmed by a judg-

ment of the court, renders him to every purpose
the proprietor of it. Nor can the consequen-
ces which result from these acts, be evaded
by the argument urged by the counsel, that
the legality of that purchase did not come in
question in that suit. It came immediately
and directly in question ; for if the purchase
had not been decreed to be legal, or admitted
to be such by the curator, the judgment must
necessarily have been in favor of the plaintiff
for his whole share of the estate, instead of
the sum of $2159, which was decreed to him.

Having thus ascertained in what relation
the plaintiff stands to this judgment, and his
rights under it, we proceed to inquire what is
asked for in the present action The peti-
tioner states, that the purchases made for him
at the sale of the estate of his father and mo-
ther, were contrary to law, that he disclaims
them, and that he is entitled to have judgment
against the heirs and representatives of his cu-
rator for the amount of said purchases.

If that prayer was acceded to, these procee-
dings, in relation to the rights of the minor
would present very singular features. There
would be a judgment of a court of competent
jurisdiction, deciding that he was the owner

of the property. There would be another which leaving that judgment unreversed, would declare that he is entitled to the price of it. Now this cannot be, and unless we shall find on further enquiry that the first judgment is absolutely, not relatively, null and void, we are perfectly clear, the plaintiff cannot recover in this action.

The plaintiff contends it was absolutely null, and he has relied on the principle, that unless proceedings against minors are conducted according to the legal formalities established for their protection, that they have a right to pass them by as if they did not exist, and sue at once to enforce any claim which they possessed anterior to these proceedings having taken place.

It may perhaps be doubted whether the principle relied on, extends to the decrees of a court of justice rendered contradictorily with other parties, whether it does not stand as *res judicata* until appealed from, or set aside by an action of nullity. But we do not find it necessary to go into that question.

It is shewn here, that at the time these proceedings took place in the court of probates, the minor was absent from the state: and

that his curator *ad bona* being also a party to them, a curator *ad litem* was appointed to defend his interest. This curator *ad litem* appeared and assisted at all the proceedings, and we presume, as the contrary is neither alleged or proved, that he discharged his duty faithfully.

But that attendance is contended to be irregular and illegal, because the law requires the minor to be cited ; and that it is only after he is cited, and appears, that a curator *ad litem* can be appointed to assist him.

If this position be correct, then it must follow that no suit can be commenced against a minor who is absent ; and it will also follow that co-heirs, and co-proprietors, of an undivided thing, may be obliged to remain owners in common, although the law says they shall not ;—that any of them, *of age, or minors,* can compel the others to a partition of the estate which they hold jointly. *C. Code* 184, *art.* 150.

We think where the minor is absent, that *ex necessitate,* service must be made on the curator, otherwise the rights of persons of age would be suspended by his absence, and his is not one of the privileges which the

law accords to minors. The provisions of the civil code which treat of the subject of partition, in contemplating the case of absentees, and providing for it, make no difference between those under, and those f full age. In treating of the curatorship of absent persons, it does not distinguish ; and the laws of the Partidas, tho' not expressly legislating for this very case, in their spirit and intent most evidently sanction the course that was pursued here. *C. Code, tit.* 3, *cap.* 1, *page* 16. *ibid, cap.* 8, 184. *Partidas* 3, *tit.* 2, *laws* 7, 11, & 12.

On the best view, then, we can take of the whole matter, we think the minor was legally represented in the suit in the probate court, and that, of course, the sentence is binding on him, until it is reversed. *Cur Phillip, juicio civil, verbo sentencia,* §18, *no.* 10.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed ; and it is further ordered, adjudged and decreed that there be judgment against the plaintiff, as in case of nonsuit, with costs in both courts.

*Bullard* for the plaintiff—*Thomas, Boyce, Rost* and *Wilson* for the defendants.